UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEVEN and WENDIE CARNEY,  No. 08-10599

                Debtor(s).
_____/

STEVEN and BECKY OWEN,

                Plaintiff(s),

    v.  A.P. No. 08-1079

STEVEN and WENDIE CARNEY,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Plaintiffs Steven and Becky Owen allege that debtors and defendants Steven and Wendie Carney wrongfully cut down some trees on the Owens' property. Prior to bankruptcy, the Owens obtained a state court default judgment for about $42,000.00. In this adversary proceeding, they allege that the judgment is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.

1

The Owens have presented the court with a long list of supposed wrongs committed by the Carneys, including failure to have a proper contractor's license and failure to engage in mediation in the state court. Most of these have nothing to do with dischargeability; the sole issue is whether the Carneys willfully and maliciously cut down the trees. In order to prevail, the Owens must show that the Carneys intended consequences of act, not simply act itself; debts arising from recklessly or negligently inflicted injuries do not fall within compass of willful and malicious injury exception to discharge. "Nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974 (1998).

The Owens argue that the Carneys are precluded from defending this action by the state court judgment. However, there is nothing on the face of the judgment which evidences a finding of willful and malicious conduct, such as punitive damages. The complaint in that action contained allegations of negligence and breach of statute, which do not result in nondischargeable debts. Accordingly, the Carneys are not precluded from defending this action.

The Owens argue that their declarations filed in support of their motion, which the Carneys, pro se, have not validly opposed,[1] make their case independent from the default judgment. However, this in not the case. The declaration of Becky Owen leads the court to infer that the Carneys were hired by the Owens' neighbor to cut down the trees, that the neighbor had failed to survey the property line, and as a result the Carneys cut down trees which they were led to believe by the neighbor were not on the Owens' property.[2] If this turns out to be the case, then the Owens are not entitled to a nondischargeable judgment.

For the foregoing reasons, the motion for summary judgment will be denied. Counsel for the Owens may submit a form of order if an order is desired.

---

[1] The Carneys filed a rambling letter which the court rejected because it was not signed under penalty of perjury.

[2] The state court judgment against the Carneys notes a credit for $21,800.00 paid by the neighbors, and indication that they may have been primarily to blame.

2

Dated: May 15, 2009

                                                              
Alan Jaroslovsky
U.S. Bankruptcy Judge